IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Darryl Keith Louis Jr., Plaintiff, v. David Sane and Joel Anderson, Defendants. | C/A No. 1:25-cv-3494-BHH **ORDER** |

Plaintiff Darryl Keith Louis, Jr., also known as Sadiq ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, sues certain employees of the South Carolina Department of Corrections ("SCDC") (collectively "SCDC Defendants"). (ECF No. 20.) Plaintiff challenges SCDC's policies or practices restricting the provision, to inmates, of henna, a Halal diet, and gifts from friends and families, arguing these violate Plaintiff's sincerely-held religious beliefs and violate the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq*. ("RLUIPA"). (*Id.*) Plaintiff seeks declaratory and injunctive relief only. (*Id.*)

Now before the Court are the following motions: (1) Defendants' motion for summary judgment (ECF No. 59); (2) Plaintiff's motion for summary judgment (ECF No. 52); (3) Plaintiff's motion for injunctive relief (ECF No. 50); and (4) Plaintiff's motion in limine to bar witness testimony from Omar Shadheed. (ECF No. 67.) These motions have been fully briefed and are ripe for review. (*See* ECF Nos. 60, 81-84, 89.) Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A) and (B), and the Local Rules, D.S.C., these motions were referred to a United States Magistrate Judge for consideration.

On April 20, 2026, United States Magistrate Judge Shiva Hodges issued a Report and Recommendation ("Report") recommending that the Court: (1) grant Defendants' motion for summary judgment; (2) deny Plaintiff's motion for summary judgment; (3) deny Plaintiff's motion for injunctive relief; and (4) deny as moot Plaintiff's motion in line. (ECF No. 90.) The Report first points out that this Court addressed a similar issue involving Plaintiff in another matter:

> In that case the court found that Plaintiff's RLUIPA claim—whether a kufi may be worn when Plaintiff was outside of the confines of the institution—was not ripe for adjudication because Plaintiff failed to comply with section 4.7 of SCDC Policy PS-12.05. *See Darryl Keith Louis, Jr., also known as Saddiq, Plaintiff, v. Joel Anderson, Defendant*, C/A No. 1:25-2958-BHH, 2026 WL 836383, at *1 (D.S.C. Mar. 26, 2026). The court found that "the record indisputably reveals that Plaintiff has not shown that SCDC's current 'Inmate Religion' policy explicitly prohibits the wearing of a kufi outside of the institutions or that he has taken the appropriate steps, as dictated by Section 4.7, to seek a change to SCDC's current policy on wearing a kufi." *Id*. at *3.

(*Id.* at 7.) Applying those findings to the instant matter, the Magistrate Judge finds that "as in the previous case, there is no evidence in the record that Plaintiff has requested an amendment or change to the Al-Islam portion of the SCDC Handbook pursuant to section 4.7 for any of the practices or modifications of current practices about which he is suing and seeking injunctive relief." (*Id.* at 8-9.) Thus, unable to "discern a relevant distinction between the previous case and the instant case," the Magistrate Judge concludes that Plaintiff's claims "are not yet final for this court's review." (*Id.* at 9.)

Plaintiff filed objections to the Report. (ECF No. 99.) Defendants filed a reply to Plaintiff's objections. (ECF No. 106.) This matter is ripe for review.

## FACTUAL BACKGROUND

The Report contains a summary of this case and sets forth the correct legal standard. Because no party objects to these portions of the Report, the Court incorporates the background and legal standard from the Report without a recitation.

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City*

*of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## DISCUSSION

Plaintiff's objections are 22 pages, single spaced and handwritten. (ECF No. 99.) In support of his objections, Plaintiff attaches his own nine-page handwritten declaration, and the handwritten declarations of two fellow inmates: Devadas A. Rouse and Christopher C. Foster. (ECF Nos. 99-1, 99-2.) After a close review of Plaintiff's objections, the Court first notes that Plaintiff's objections are largely comprised of discussion and/or reference to Plaintiff's conduct and evidence submitted by him in *other* matters he has filed in this Court. Additionally, and often with citation to such evidence, Plaintiff raises several arguments that were *not* presented to the Magistrate Judge in this matter. With that said, and to the best of its ability, the Court discerns the following specific objections as it pertains to *this* matter and the recommendations in the Report.

Plaintiff's first objection to the Report appears to be based on his claim that he has not requested an amendment or change to the Al-Islam portion of the Handbook because the "administrative remedy" was "unavailable" to him "through no fault of his own," relying on *Collins v. Johnson*, No. 2:23-cv-5736-RMG, 2025 WL 3530126 (D.S.C. 2025). (ECF No. 99 at 3.) He then discusses steps he has taken (*e.g.*, submitted Automated Request to Staff Member) and argues that he has been prevented from providing the necessary information to the Chaplain. (*Id.* at 3-6.) Plaintiff asks the Court to take judicial notice of several of his other matters and evidence presumably in the record in those matters. (*See*

*id.* at 9, 11.) In sum, Plaintiff contends that "the use of Section 4.7 of the Religious Policy is impracticable." (*Id.* at 12.)

After review, the Court finds no merit to Plaintiff's first objection. The doctrine of exhaustion (including the law on excusing one's failure to exhaust) while related, is separate from the doctrine of ripeness.

> Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being hauled into court.
>
> ****
>
> The rationale behind the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." [*National Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803,] 807-808.

*Smith v. Warden, Alderson Prison Camp*, No. 1:18-CV-01002, 2018 WL 7104891, at *2 (S.D.W. Va. Dec. 21, 2018) *R&R adopted*, No. CV 1:18-01002, 2019 WL 289813 (S.D.W. Va. Jan. 22, 2019). Here, the issue before the Magistrate Judge was not whether Plaintiff failed to exhaust under the dictates of the Prison Litigation Reform Act or whether such a failure should be excused, but whether Plaintiff has presented a claim that is ripe for adjudication. Thus, Plaintiff's argument – that he should be excused from failing to exhaust administrative remedies – does not move the needle. Accordingly, the Court overrules this objection.

Plaintiff's second objection is to the Magistrate Judge's recommendation that the Court deny as moot Plaintiff's motion in limine. (ECF No. 99 at 13.) In support of this objection, he states: "In light of Sadiq's aforementioned arguments / exhibits, this Court can now discern a relevant distinction between the case the Magistrate Judge relied upon and the present case to determine that this Court may proceed to consider Sadiq's Motion

Limine." (*Id.* at 13-14.) The Court, however, does not discern any distinction between these cases and finds no error in the Magistrate Judge's reasoning in support of her finding that Plaintiff's claims are not ripe. Given this finding, the Court finds that the Magistrate Judge properly recommended that Plaintiff's motion in limine be denied as moot. As such, the Court overrules this objection.

Plaintiff's third objection is that the Magistrate Judge failed "to review the remaining arguments of the parties and mak[e] a report of recommendation concerning them" after she concluded that his claims are not ripe. (ECF No. 99 at 14.) The Court finds no error in this regard. The Magistrate Judge properly ended her analysis after correctly determining that Plaintiff's claims were not ripe for adjudication by this Court. Thus, the Court overrules this objection.

## CONCLUSION

For the reasons set forth herein, the Court **adopts and specifically incorporates** the Magistrate Judge's Report into this Order (ECF No. 90); **overrules** Plaintiff's objections to the Report (ECF No. 99); **grants** Defendants' motion for summary judgment because Plaintiff's RLUIPA claim is not yet ripe (ECF No. 59); **denies** Plaintiff's motions for injunctive relief and for summary judgment (ECF Nos. 50, 52); and **denies as moot** Plaintiff's motion in limine. (ECF No. 67.) Accordingly, this case is **dismissed without prejudice,** and the Court directs the Clerk of Court to close the case.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 24, 2026
Charleston, South Carolina